IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LEROY JOHNSON                                                                                    PLAINTIFF

v.                                    No. 3:20-cv-187-DPM

ANGELA DEPRIEST, Factory Worker;
VINCENT SCATIGNA, Patrolman,
Osceola Police Dept.; JOSEPH WHITE,
Detective, Osceola Police Dept.; RONNIE
WILLIAMS, Detective, Osceola Police Dept.;
GLENN DUNN, Patrolman, Osceola Police
Dept.; CATHERINE DEAN, Prosecutor; JOHN
WELDON, Lieutenant, Osceola Police Dept.;
JUSTIN FAULKNER, Patrolman, Osceola Police
Dept.; DAVID BURNETT, Prosecutor; BOBBY
MOREIRA, Osceola Police Dept.                                                        DEFENDANTS

ORDER

1.     Johnson's application to proceed *in forma pauperis*, Doc. 1, is granted. His fixed expenses exceed his reported social security income. His only assets are a couple of vehicles.

2.     The Court must screen Johnson's complaint. 28 U.S.C. § 1915(e)(2). Johnson says that he and his neighbor, Angela Depriest, have a tense relationship, which has resulted in reports by each against the other to the Osceola police department. According to Johnson, he has been ordered to appear on a harassment charge filed by Depriest, but neither the police department nor the prosecuting

attorney's office has pursued his similar complaints made against Depriest. Johnson brings this lawsuit under 42 U.S.C. § 1983 alleging that various police officers and prosecutors discriminated against him by not investigating his complaints. He also sued Depriest. Johnson says that his son's uncle, Edward Lee Brown, has sued the police department. Johnson believes that the department and the prosecutor are ignoring his complaints in retaliation for Brown's lawsuit.

3. Johnson has failed to state a claim against Depriest. She is a private citizen, not a state actor. And Johnson has not pleaded any facts indicating that she has a mutual understanding with the police department or the prosecutor to deprive Johnson of a constitutional right. *Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 527 (8th Cir. 2007).

4. Johnson has no constitutional right to compel a police investigation or a prosecution. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Further, he has not alleged any particulars showing that either the police department or prosecutor was acting under a policy or custom of ignoring some complaints. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978).

5. Johnson has an equal protection claim. He says he has been treated differently than Depriest, his similarly situated neighbor. And he offers a plausible explanation: his extended family member's lawsuit against the department.

6. The Clerk should prepare and deliver summons along with copies of the complaint and this Order to the U.S. Marshal for service on all defendants but Depriest without prepayment of fees and costs or security. The Osceola police department defendants should be served at 401 W. Keiser Ave., Osceola, AR 72370. The prosecutors should be served at P.O. Box 552, Osceola, AR 72370.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 September 2020